NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**CHARLOTTE KELLEY, DCB #1736456**
Assistant United States Attorney
Charlotte.Kelley@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:23-mj-187 |
| v. | |
| **GARY ANTHONY MEDEIROS,** | **UNOPPOSED MOTION FOR PROTECTIVE ORDER** |
| Defendant. | |

The United States of America moves the Court for a protective order limiting the disclosure and dissemination of discovery materials in the above-captioned case. Defendant, through Assistant Federal Public Defender Conor Huseby, does not oppose this motion, and agrees with the provisions of the proposed order.

Defendant is charged by criminal complaint in this case with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). That charge arises from conduct involving minor victims. The government is preparing its initial pretrial discovery in this case. The discovery includes electronic communications, photographs, and reports that contain numerous references to the names and personal identifying information of the minor victims.

18 U.S.C. § 3509(d) imposes on the government an obligation to safeguard the identities of child victims. Ordinarily, the government redacts the personal identifying information and the identities of child victims from reports prior to providing the reports in discovery. Because of the volume of material and the numerous references to specific minor victims in those materials, redacting the discovery materials would require considerable time and effort.  Rather than delay discovery while the materials are redacted, the parties have agreed to the entry of an appropriate protective order limiting the use and further dissemination of the materials.

18 U.S.C. § 3509(d)(3) provides for the issuance of an order "protecting a child from public disclosure of the name or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." The order may include any measures "that may be necessary to protect the privacy of the child." 18 U.S.C. § 3509(d)(3)(B)(ii).

Public disclosure of the names or other identifying information of minor victims of sexual exploitation could result in embarrassment, humiliation, and undue attention from the public and the media, which would be detrimental to those children. Accordingly, the parties agree that a protective order is appropriate. The parties agree that the protective order should provide as follows:

1. The government will furnish one electronic copy of the discovery materials to counsel for defendant.  Counsel may disseminate one copy of those materials to his investigator and to any expert counsel retains to assist in the preparation or presentation of the defense. Anyone who receives a copy of any discovery material must also receive a copy of the protective order and must agree to be bound by its terms. No further copying or dissemination of the material is permitted.

2. Counsel may show the discovery materials to defendant and discuss the contents with defendant. However, counsel may not furnish copies of any of the discovery materials to defendant.

3. No one to whom disclosure is made may divulge or disclose the name or other personal identifying information of any minor victim to any member of the public, to the media, or in any publicly filed court document. Nothing in this paragraph is to be construed to prevent defendant's counsel from performing meaningful investigation of matters described in the documents, to the extent that it may involve discussing the identified minor victims.

4. To the extent that defendant is represented by any other legal counsel in collateral matters or non-federal prosecutions, defense counsel may share copies of documents received in discovery, under the terms of paragraph (1), to the extent it is necessary for the performance of legal representation. In that event, defense counsel will consult first with the government, to define the extent that redacting material may be necessary.

 The government will submit a proposed form of order containing the foregoing provisions to the Court. The proposed form of order was reviewed and approved by counsel for defendant prior to being submitted to the Court.

Dated: November 2, 2023      Respectfully submitted,

                NATALIE K. WIGHT
                United States Attorney

                */s/ Charlotte Kelley*
                CHARLOTTE KELLEY, DCB #1736456
                Assistant United States Attorney