# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:23-mj-187 |
| v. | |
| **GARY ANTHONY MEDEIROS,** | **PROTECTIVE ORDER** |
| **Defendant.** | |

This matter came before the Court upon the government's unopposed motion for a protective order limiting the disclosure and dissemination of pretrial discovery materials. The identity and personal identifying information of alleged minor victims of sexual exploitation and the personally identifiable information of third parties appears throughout the materials. Rather than delay discovery of those materials while the government redacts the names and personal identifying information, the parties have agreed to the entry of an appropriate protective order under 18 U.S.C. § 3509(d)(3).

Based on the information in the government's motion, the Court finds that there is a significant possibility that public disclosure of the names or other information concerning any minor victims identified in the materials subject to this order would be detrimental to those children. Accordingly, IT IS ORDERED that the materials contained in the government's pretrial discovery may only be used and disseminated as follows:

1. The government will furnish one electronic copy of the discovery materials to counsel for defendant. Counsel may disseminate one copy of those materials to his investigator and to any expert counsel retains to assist in the preparation or presentation of the defense. Anyone who receives a copy of any discovery material must also receive a copy of the protective order and must agree to be bound by its terms. No further copying or dissemination of the material is permitted.

2. Counsel may show the discovery materials to defendant and discuss the contents with defendant. However, counsel may not furnish copies of any of the discovery materials to defendant.

3. No one to whom disclosure is made may divulge or disclose the name or other personal identifying information of any minor victim to any member of the public, to the media, or in any publicly filed court document. Nothing in this paragraph is to be construed to prevent defendant's counsel from performing meaningful investigation of matters described in the documents, to the extent that it may involve discussing the identified minor victims.

4. To the extent that defendant is represented by any other legal counsel in collateral matters or non-federal prosecutions, defense counsel may share copies of documents received in discovery, under the terms of paragraph (1), to the extent it is necessary for the performance of legal representation. In that event, defense counsel will consult first with the government, to define the extent that redacting material may be necessary.

This protective order shall remain in effect until further order of the Court. A violation of this order may be punished as a contempt of court. All counsel reserves the right to seek modification or changes with the government and the Court after a full review of the discovery

provided and all parties acknowledge that the terms and scope of this Order may be modified by motion of counsel for either the defense or the government and authorization of the Court.

Dated:  November __2__, 2023

_____
HONORABLE JOLIE A. RUSSO
United States Magistrate Judge

Presented by:

NATALIE K. WIGHT
United States Attorney

 */s/ Charlotte Kelley*_____
CHARLOTTE KELLEY, DCB #1736456
Assistant United States Attorney